### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| **Hayward L. Rogers, #278510,**          ) | **Case No. 3:16-cv-3163-TMC-MGB** |
|                                          ) | |
| **Plaintiff,**          ) | |
|                                          ) | |
| v.                                       ) | |
|                                          ) | **REPORT AND RECOMMENDATION** |
| **Beth A. Carrig, et al.,**              ) | |
|                                          ) | |
| **Defendants.**         ) | |
|                                          ) | |

This case is before the Court for initial review. Hayward L. Rogers ("Plaintiff") has filed a civil action pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff is a state prisoner incarcerated at Broad River Correctional Institution in South Carolina. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2), the Magistrate Judge is authorized to review the record and to submit findings and recommendations to the District Judge. Upon careful review, the Magistrate Judge recommends that the Complaint be **summarily dismissed,** without issuance and service of process, for the following reasons:

### I.   Standard of Review

Under established local procedure in this judicial district, the Magistrate Judge has carefully reviewed this *pro se* prisoner complaint pursuant to 28 U.S.C. §§ 1915, 1915a, and under the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Prison Litigation Reform Act ("PLRA") permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). To protect against possible abuses of this privilege, the statute allows the

court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke*, 490 U.S. at 319.

With respect to a failure to state a claim, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Unless otherwise specified, a dismissal for failure to state a claim under Rule 12(b)(6) is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009).

*Pro se* pleadings are liberally construed and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012), *cert. denied*, 133 S.Ct. 2401 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore.,* 901 F.2d 387, 391 (4th Cir. 1990). Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. "Principles requiring

generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied*, 475 U.S. 1088 (1986).

## II. Background

Plaintiff has filed repetitive petitions and related lawsuits.[1] This civil action arises out of his efforts to challenge his 2001 criminal conviction and the results of his state PCR proceedings. Plaintiff's extensive filing history will be summarized as succinctly as possible.[2]

In February of 1999, the Grand Jury for Lexington County, South Carolina, indicted Plaintiff for two counts of first degree criminal sexual conduct (Indictment Nos. 1999-GS-32-815 and 1999-GS-32-818), kidnaping (Indictment No. 1999-GS-32-813), strong armed robbery (Indictment No. 1999-GS-32-814), and assault and battery with intent to kill (Indictment No. 1999-GS-32-819).[3] Plaintiff received a jury trial, and on September 21, 2001, was convicted. Plaintiff was sentenced to fifteen (15) years imprisonment for the strong armed robbery conviction, and life imprisonment without parole pursuant to South Carolina Code § 17-25-45(A) for each remaining conviction, to run concurrently. On August 9, 2004, the South Carolina Court of Appeals affirmed the convictions and sentences. *See State v. Rogers*, 361 S.C. 178, 603 S.E.2d 910 (Ct. App. 2004).

---

[1] This Court has deemed at least six of Plaintiff's prior cases to be "STRIKES." See D.S.C. Case Nos. 8:08-cv-4090; 8:06-cv-3058; 6:04-cv-2428; 8:04-cv-690; 9:00-cv-1120; and 9:00-cv-783. However, in 2009, the Fourth Circuit Court of Appeals held that a dismissal "without prejudice" should not count as a strike. *McLean*, 566 F.3d at 399. As Plaintiff's six cases were dismissed without prejudice, and in light of *McLean*, they will not be counted as strikes.

[2] This Court may properly take judicial notice of public records, including the Court's own docket. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989); *Assa'ad-Faltas v. South Carolina*, 2012 WL 6103204 (D.S.C.), *adopted by* 2012 WL 6106421 (D.S.C.) ("the District Court clearly had the right to take notice of its own files and records").

[3] See *Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH, 2013 WL 2338617, *4 (D.S.C. May 29, 2013) (DE# 42-7 at 117-118, transcript) .

While his direct appeal was pending, Plaintiff filed a federal habeas petition, which was dismissed without prejudice for lack of exhaustion of state remedies. See D.S.C. Case No. 8:02-cv-3820. Plaintiff then filed second, third, and fourth petitions, which were all summarily dismissed for the same reason. See D.S.C. Case Nos. 8:03-cv-2745; 8:03-cv-3050; 8:04-cv-512. The Fourth Circuit Court of Appeals dismissed Plaintiff's appeals regarding the third and fourth petitions. *See Rogers v. McMaster*, 115 F. App'x 156 (4th Cir. 2004); *Rogers v. Rushton*, 124 F. App'x 812 (4th Cir. 2005), *cert. denied*, 546 U.S. 863 (2005).

In 2004, Plaintiff filed an application for state post-conviction relief ("PCR"), raising various issues, including that a sample of his blood had been obtained by an allegedly "unlicensed" nurse. He characterized this as an "unconstitutional search and seizure." (See Lexington Cty. Court of Common Pleas, Case No. 2004-CP-32-3932). Subsequently, Plaintiff also filed four more federal habeas petitions (D.S.C. Case Nos. 8:05-cv-1555, 8:06-cv-2724, 8:07-cv-947, and 8:08-cv-2883), which were all summarily dismissed. The Fourth Circuit Court of Appeals dismissed Plaintiff's appeals. *See Rogers v. Rushton,* 2006 WL 1827999 (4th Cir. 2006); *Rogers v. Rushton*, 2008 WL 2611332 (4th Cir. 2008).

The District Court then imposed a filing injunction, holding that:

> [T]he court has carefully reviewed the entire record and concludes that a pre-filing injunction is warranted .... Petitioner's multiple habeas corpus actions filed during the pendency of his direct appeal and application for post-conviction relief are duplicative and vexatious, causing the needless expense of court resources and time. The court finds that Petitioner's habeas claims are without merit because Petitioner has again failed to exhaust his state remedies despite repeated encouragement by this court to do so.

*Rogers v. Rushton*, Case No. 8:08-2883-MBS-BHH, 2010 WL 478826 (D.S.C. Feb. 4, 2010).[4]

---

[4]The Supreme Court of South Carolina also entered an order directing its Clerk of Court not to accept any more of Plaintiff's filings in original jurisdiction unless he paid the applicable filing fee. See Case No. 8:05-cv-1555-MBS-BHH (DE# 10, attached exhibit "Order," dated November 9, 2004).

After a hearing, the state court dismissed Plaintiff's 2004 PCR application. (See Lexington Cty. Common Pleas Court Case No. 2004-CP-3203932).[5] Plaintiff persisted in filing more PCR applications. (Case Nos. 2004-CP-3204143, 2010-CP-3203792). The state court dismissed the 2010 PCR application as untimely and entered a "Final Order of Dismissal" on January 4, 2012. Another PCR application (Case No. 2010-CP-3203237) was dismissed on April 29, 2016.

Meanwhile, on July 6, 2012, Plaintiff filed his ninth habeas petition, raising twenty-three (23) issues, including alleged "actual innocence." The Magistrate Judge recommended that the "actual innocence" argument was meritless (*i.e.* Plaintiff had alleged that DNA evidence was "suppressed" by counsel, when in fact, the record plainly showed otherwise).[6] On May 29, 2013, the District Court adopted the report and denied habeas relief on the merits. *Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). Plaintiff filed a tenth habeas petition which was voluntarily dismissed after a Report and Recommendation pointed out that it was unauthorized, successive, and subject to dismissal. See Case No. 14-cv-3745-TMC-WWD.

Plaintiff then attempted multiple times to challenge his 2001 convictions by means of civil actions under 42 U.S.C. § 1983. Such cases were summarily dismissed. *See, e.g.,* Case No. 3:14-cv-4271-TMC-WWD (dismissing § 1983 action against eight defendants, including assistant state attorney general, and explaining that Plaintiff could not challenge his 2001 criminal convictions by means of a § 1983 action); Case No. 2:15-cv-1886-TMC-MGB (summarily dismissing § 1983 action against state attorney general and state judge). Plaintiff

---

[5]See http://cms.lex-co/SCJDWeb/PublicIndex/CaseDetails.

[6] The Report and Recommendation pointed out that "it is clear from a review of the trial record that the evidence to which Petitioner points was not suppressed; it was, instead, discussed at trial" and that Plaintiff's claims of actual innocence (Grounds 22-23) were not supported by any new evidence. (See Case No. 2:12-cv-1858, DE# 63 at 31).

presently has several other cases pending in federal court. *See Rogers v. Wilson, et al.*, D.S.C. Case No. 2:16-cv-558-TMC-MGB (repetitively attempting to challenge his 2001 convictions and sentences pursuant to 42 U.S.C. § 1983); *Rogers v. Cartledge*, D.S.C. Case No. 2:16-cv-3064-TMC-MGB (attempting to bring another unauthorized successive habeas petition).

Plaintiff filed the present civil action pursuant to 42 U.S.C. § 1983 on August 14, 2016. In his Complaint (74 pages, including exhibits), Plaintiff sues four defendants: 1) his PCR counsel David Allen; 2) Assistant Attorney General Patrick L. Schmeckpeper of the South Carolina Attorney General's Office; 3) Beth Carrigg, Lexington County Clerk of Court; and 4) Debra McDaniels (described as "records clerk-secretary" for the Lexington County 11th Circuit Solictor's Office). (DE# 1). Plaintiff sues them in both official and individual capacity. (*Id*. at 3).

Plaintiff sues these defendants for a plethora of alleged constitutional violations. (DE# 1 at 6, listing "1st, 4th, 5th, 6th, 8th, 11th, 14th, 15th, Article 1 Setion (sic) II, art. 1 & 3, art. 5 & 22"). The Complaint is largely conclusory and does not coherently explain the purported relevance of these constitutional provisions to any specific facts or allegations. In his "Statement of the Claim," Plaintiff merely indicates that "the events giving rise to [his] claim arose" in the "Lexington County Court of Common Pleas 2012-CP-32-3237, 2016-CP-32-2815, 30-4-30, 23-3-630." (*Id*. at 5, ¶ IV (A)). Although it is rather difficult to determine with any certainty, the rest of the Complaint suggests that Plaintiff is seeking to challenge the results of his state jury trial and PCR proceedings.

In a six-page attachment, Plaintiff alleges that PCR counsel's "deprivation of my state and federal civil rights also cause (sic) cruel and unusual punishment by the Plaintiff being sentenced to life without parole by use of a 1979 prior conviction for assault and battery with intent to kill." (DE# 1-1 at 2). Plaintiff contends "the use of the 1979 (sic) was unconstitutional

and violates the state and federal constitution because the prior was not classified at the time." (*Id*.). Plaintiff also alleges that he "is being denied redress to be fully heard when there is (sic) facts to prove his innocence." (*Id*. at 3).[7]

Although Plaintiff appears to be challenging the validity of his conviction and sentence (and/or the results of his PCR proceedings), he seeks the following relief:

> injunctive relief against irreparable injury - Hearing release of discovery and copys (sic) of the search warrant – jury trial. Copys (sic) of the certificate of transmittal and commitment (sic) orders correct copy of filed motion for a new trial, filed copy of post-conviction DNA application, and copy of PCR No. 2016-CP-32-02815 with the filing date showing clearly.

(DE# 1, ¶ VI "Relief"). Plaintiff recites the term "injunctive relief," but does not indicate what "injunctive relief" he seeks. He complains that he did not receive copies of documents pertaining to his jury trial and PCR proceedings. Plaintiff does not appear to seek any monetary damages.

### III. Discussion

Even with the benefit of liberal construction, the Complaint is subject to summary dismissal for multiple reasons.

### A. The Complaint Fails to State a Plausible Claim, Heck v. Humphrey

Plaintiff appears to be inappropriately attempting to challenge his criminal convictions and sentences by means of a civil action pursuant to 42 U.S.C. § 1983. He may not do so. The United States Supreme Court has explained that a "district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that

---

[7] Plaintiff's "actual innocence" argument has already been considered and rejected on habeas review. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH (DE# 68, Order), 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). As Plaintiff's conviction has not been invalidated, he may not challenge the validity of his conviction and sentence in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *and see, e.g., Rankin v. Cranford*, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (holding that claims premised on having been illegally convicted are barred pursuant to *Heck*), *affirmed by*, 142 F. App'x 166 (4th Cir. Aug. 25, 2005). A judgment in favor of Plaintiff (on any of the premises of his many arguments) would imply the invalidity of his conviction or sentence, which have not been invalidated. Therefore, Plaintiff's Complaint should be summarily dismissed.

Plaintiff has previously and unsuccessfully litigated his habeas claims. See Case No. 2-12-cv-1858-TMC-BHH (dismissing habeas petition with prejudice). Plaintiff may not re-assert previously-adjudicated habeas claims here in the guise of a civil rights action. If Plaintiff wishes to file a successive habeas petition, he must apply to the Fourth Circuit Court of Appeals for permission to do so. See 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Plaintiff indicates that the Fourth Circuit Court of Appeals has already denied permission for him to file a successive habeas petition. Plaintiff may not circumvent such ruling by re-filing his habeas claims in a § 1983 action.

In fact, this District Court has previously explained to Plaintiff that he cannot seek to have his convictions or sentences vacated by means of a § 1983 action. *See Rogers v. City of West Columbia,* Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *4 (D.S.C. Aug. 13, 2007) (summarily dismissing § 1983 action, observing that "Plaintiff contends that Defendants denied him his constitutional rights by illegally arresting and falsely imprisoning him, unlawfully seizing a blood sample, and improperly withholding evidence. A finding for Plaintiff on any of

these claims ... under § 1983 would necessarily implicate the validity of Plaintiff's conviction."). The District Court explained to Plaintiff that: "Were the court to suppress the blood sample which Plaintiff claims was the product of an illegal search and seizure, such suppression would invalidate the underlying criminal conviction because the blood sample was a crucial piece of evidence establishing Plaintiff's guilt." *Id*. at 2.

In another case, the District Court indicated:

> As he has been previously informed in several of his previous attempts to assert constitutional claims regarding his criminal convictions and sentences, see C/A Nos. 9:00–783; 8:04–690; 8:06–3058, Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*".... Since Plaintiff has not been successful in having his Lexington County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants because of their involvement in his prosecution and ultimate conviction.

*Rogers v. Valentino,* Case No. 8:08–4090–MBS-BHH, 2009 WL 367377 (D.S.C. Feb. 13, 2009). Any of Plaintiff's claims that would necessarily implicate the validity of his convictions and sentences are not cognizable in this § 1983 action and are subject to summary dismissal for failure to state a claim for relief.

### B.  Claims Against Plaintiff's Appointed PCR Counsel

Plaintiff sues his former counsel David Allen, Esq., who was appointed to represent Plaintiff in state PCR proceedings (Case No. 2012-CP-32-3237). Plaintiff alleges that his counsel "did with malice and aforethought conspired (sic) with assistant attorney general for the state." He complains that counsel stated that "he knew of no law that states a person had to be authorized to collect blood to obtain DNA sample" but that Plaintiff "found out after the hearing that state law 23-3-630 says that only an authorized trained person may collect blood to obtain

DNA sample." (DE# 1-1 at 1).[8] Plaintiff also makes the conclusory allegation that his counsel "deprived me of the right of due process to obtain discovery of the search warrant used to draw my blood for DNA as well as depriving (sic) me of the right of the certificate of transmittal and commitment (sic) order..." (*Id*.). Plaintiff complains that his PCR counsel "misrepresented" that Plaintiff was tried by a jury on a charge of assault and battery with intent to kill, when according to Plaintiff, the Grand Jury "only indicted Plaintiff for assault with intent to kill." (*Id*.).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained or court-appointed, does not act "under color of state law" for purposes of 42 U.S.C. § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-25 (1981) (holding that public defender was not a "state actor" for purposes of § 1983); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (court-appointed attorney was not a "state actor"); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (same, private attorney). Plaintiff's appointed PCR counsel did not act "under color of state law" when representing Plaintiff in the state PCR proceedings. Plaintiff's allegation of "conspiracy" is also conclusory and unsupported by any facts that might suggest a plausible claim.[9] Therefore, Plaintiff's claims against Defendant Allen should be summarily dismissed.

### C. Claims Against Assistant Attorney General Patrick L. Schmeckpeper

---

[8] Plaintiff's arguments appear to be based on several erroneous premises. For example, although the Plaintiff complains that a blood sample was drawn from him in 1998 by an allegedly "unlicensed" nurse, he relies on a statute that was not effective until January 1, 2009. See Code of Laws of South Carolina § 23-3-630. The prior version of the statute in effect at the relevant time provided that "a correctional health nurse technician, physician, registered professional nurse, licensed practical nurse, laboratory technician, or other appropriately trained health care worker may take a sample from which DNA may be obtained."

[9] To the extent Plaintiff appears to be complaining of "ineffective assistance of counsel," that is an issue for habeas review. As noted, this Court has already denied habeas relief on the merits.

Plaintiff attempts to sue Patrick Schmeckpeper of the South Carolina Attorney General's Office. He alleges that this state prosecutor "committed fraud, conspiracy and misrepresented the facts, and laws, and obstructed justice" in the state PCR case when, according to Plaintiff, Defendant Schmeckpeper stated in court that he "knew of no law that says a person has to be authorized to collect blood from which a DNA may be obtained." (DE# 1-1 at 2). Plaintiff's argument is conclusory and is premised on issues that have previously been adjudicated and rejected. *See Rogers v. Cartledge*, Case No. 2:12-cv-1858-TMC-BHH, 2013 WL 2338617 (D.S.C. May 29, 2013), *appeal dismissed by* 544 F.App'x 211 (4th Cir. Oct. 25, 2013). For example, in Grounds 22-23 of his ninth habeas petition, Plaintiff alleged that "evidence derived from an illegal search and seizure" (i.e. his blood sample) was used at trial and that the prosecutor and defense counsel"got PCR counsel to go along with it." The District Court denied habeas relief on the merits. (*Id*., DE# 68, Order of May 29, 2013).

Plaintiff complains of Defendant Schmeckpeper's role in the state PCR proceedings, contending that he allegedly knew that "Plaintiff was illegally arrested by a person that impersonated a magistrate" and "that Plaintiff's life sentence violates the Ex Post Facto laws and violates the separation of powers doctrine." (*Id*. at 4). Plaintiff appears to be attempting to challenge to his conviction and sentence in this § 1983 action by attacking the prosecutor's role in the PCR proceedings. As already discussed, Plaintiff may not do so here. Plaintiff's allegations are conclusory, unsupported by any relevant facts, and fail to state any plausible claim for relief under § 1983. Additionally, although Plaintiff indicates he is suing Defendant Schmeckpeper in both official and individual capacity, such Defendant has immunity from suit.

1. **Official Capacity, Sovereign Immunity**

The Eleventh Amendment bars federal lawsuits against an unconsenting State. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Such immunity extends to "arm[s] of the State," including state officers acting in their official capacity. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996). The United States Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, any claims against an Assistant Attorney General for South Carolina, in his official capacity, are subject to summary dismissal. See 28 U.S.C.A. § 1915(e)(2)(B)(iii). This deficiency in Plaintiff's Complaint cannot be remedied through more specific pleading. *Adams v. Rice*, 40 F.3d 72, 76 n.1 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995).[10]

### 2. Individual Capacity, Absolute Prosecutorial Immunity

It is well-settled that prosecutors are absolutely immune from claims under § 1983 for acts taken in their prosecutorial role. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity"); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *and see, e.g., Redden v. McMaster*, Case No. 8:08-2845-CMC-BHH, 2008 WL 4458877, *3 (D.S.C. Sept. 29, 2008) (prosecutors "have absolute immunity for activities in or connected with judicial proceedings"), *aff'd by* 313 F.App'x 654 (4th Cir. 2009).

---

[10] The *Ex parte Young* exception to Eleventh Amendment immunity would not apply, as Plaintiff's Complaint does not state a plausible claim for prospective relief against state officials for any ongoing violation of federal law. *Pennhurst State School & Hosp. V. Halderman,* 465 U.S. 89 (1984).

This Court has repeatedly informed Plaintiff that prosecutors have absolute immunity for activities in or connected with judicial proceedings. *See Rogers v. City of West Columbia*, Case No. 8:06-3058-MBS-BHH, 2007 WL 2332465, *5 (D.S.C. Aug. 13, 2007). This Court has previously dismissed several attempts by Plaintiff to sue assistant state attorney generals. See D.S.C. Case Nos. 3:14-cv-4271-TMC-WWD (dismissing § 1983 claims against assistant state attorney general) and 2:15-cv-1886-TMC-MGB (same). The Assistant Attorney General for South Carolina is entitled to absolute prosecutorial immunity for actions taken in legal proceedings as part of his prosecutorial role. Such prosecutor would be immune from any claim for monetary damages, and Plaintiff does not appear to ask for any injunctive relief from him. Plaintiff's Complaint fails to state a plausible claim for relief against Defendant Schmeckpeper.

Although Plaintiff states that "this defendant is further charged with misconduct in office" (DE# 1-1 at 3), the *pro se* Plaintiff has no authority to "charge" anyone with a criminal offense. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("[n]o citizen has an enforceable right to institute a criminal prosecution") (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *State v. Blakely*, 402 S.C. 650 (2014) (explaining that only prosecutors have such discretion); *State v. Thrift*, 312 S.C. 282, 292 (1994) (same). Plaintiff is not a prosecutor and lacks the authority vested in such officials, and thus, his attempt to criminally "charge" a prosecutor with misconduct is a nullity of no effect. Any such attempt by Plaintiff is frivolous, both legally and factually. Plaintiff's claims are subject to summary dismissal.

### D. Claims Against Beth Carrigg (Lexington County Clerk of Court)

Next, Plaintiff alleges that Defendant Beth Carrigg (Lexington County Clerk of Court) "failed to correctly file and return a correct copy of the plaintiff's motion for a new trail (sic) and refuses to give the plaintiff any information or status of his motion."(DE# 1-1 at 5). Plaintiff also

alleges that "the clerk refused to answer to the request" and "lied by saying their office did not have applications for DNA testing" (DE# 1-1 at 6).

It is well-settled that matters of negligence are not actionable under § 1983. *See DeShaney v. Winnebage Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (§ 1983 actions do not impose liability for violations of duties of care, such as those involved in negligence actions); *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995) ("negligent deprivations ... are not actionable under 42 U.S.C. § 1983"); *Primus v. Lee*, 517 F.Supp.2d 755 (D.S.C. June 22, 2007) ("mere negligence ... is not actionable under 42 U.S.C. § 1983"); *Muhaimin v. Jacobs*, 2016 WL 4265795 (D.S.C. April 26, 2016), *adopted by* 2016 WL 4247770 (D.S.C. August 11, 2016) (same). The United States Supreme Court has observed that to allow § 1983 claims based on a theory of negligence would "trivialize the centuries-old principle of due process of law." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). A mere failure "to correctly file and return" a copy of a motion would be, at most, a matter of negligence not actionable under § 1983.

To the extent Plaintiff characterizes any acts as "deliberate," "it is well settled that the clerk and other staff member[s] of the Court have a derivative of absolute judicial immunity known as quasi-judicial immunity for alleged actions taken in the course of their court duties." *Taylor v. Brooks*, 2015 WL 4274834, *3 (D.S.C. July 14, 2015), *aff'd,* 627 F. App'x 206 (4th Cir. Dec. 22, 2015) (affirming dismissal of claims against Clerk of Court and staff); *Abebe v. Propes*, Case No. 0:11-1215-MBS-PJG, 2011 WL 2581385 (D.S.C. June 3, 2011), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011) (holding that clerk of court and staff "have quasi judicial immunity with respect to the mailing of orders"); *Bryan v. McCall,* Case No. 5:15–871–TMC–KDW, 2015 WL 2449141, *5 (D.S.C. May 21, 2015) ("personnel such as Clerks of Courts are entitled to quasi-judicial immunity from lawsuits"); *Cannon v. S.C.D.C.*,

Case No. 8:07-3984-CMC-BHH, 2008 WL 269519, *4 (D.S.C. Jan. 29, 2008) (clerk of court was "part of the State of South Carolina's unified judicial system" and immune from suit).

To the extent Plaintiff seeks any "injunctive relief," Congress passed the Federal Courts Improvement Act of 1996, Pub.L. No 104–317, 110 Stat. 3847 (1996), which amended 42 U.S.C. § 1983. Specifically, section 309(c) bars injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiff does not allege that either of these prerequisites for injunctive relief was met, and therefore, even assuming that Plaintiff is attempting to assert any claim for injunctive relief against the clerk of court, such claim would be subject to dismissal. *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (finding that § 309 barred claim for injunctive relief under § 1983, and extending such immunity to administrative officials performing functions closely associated with judicial process); *Gilmore v. Bostic*, 636 F.Supp.2d 496, 506 (S.D.W.Va. 2009) ("the decided weight of authority has found that quasi-judicial actors are immune from such actions").[11]

In sum, Plaintiff's Complaint attempts to bring a § 1983 claim for alleged negligence, attempts to sue a party protected by quasi-judicial immunity, and fails to allege any basis for injunctive relief. Therefore, the Complaint is subject to summary dismissal.

### E. Claims Against Debra McDaniels ("Records Clerk – Secretary")

Lastly, Plaintiff alleges that he demanded documents from Defendant McDaniels (described in the Complaint as "records clerk – secretary" in the Lexington County 11th Circuit Solicitor's Office). Plaintiff claims that such defendant denied Plaintiff his "due process rights"

---

[11] Plaintiff appears to complain only of past conduct, rather than seeking to prevent any ongoing or future violation of federal law. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir. 1996) (concluding that relief sought was not prospective where the "specific allegations target[ed] past conduct" and the "remedy [was] not intended to halt a present, continuing violation of federal law"); *Shtrauch v. Dowd*, -- F.App'x –, 2016 WL 3212180 (2d Cir. June 10, 2016) (affirming dismissal of § 1983 action because Plaintiff was not entitled to any injunctive relief).

by denying his request for a copy of the search warrant purportedly used to collect a blood sample from Plaintiff in 1998 and "copys (sic) of the certificate of transmittal and commitment (sic) order." (DE# 1-1 at 4). Plaintiff alleges that Defendant McDaniels also "refused to answer to the summons and complaint in state civil Case No. 2016-CP-32-1873." (*Id*.).

In the first place, this federal court does not have oversight over a party's answering of a summons and complaint in a state court case. Such allegation is patently frivolous. Additionally, Plaintiff's allegation of a "due process violation" is conclusory and fails to state a cognizable claim under § 1983. Plaintiff is essentially seeking a writ of mandamus in order to force a state employee to perform ministerial tasks demanded by Plaintiff. Mandamus is based on the theory that an officer charged with a purely ministerial duty can be compelled to perform that duty in case of refusal. *Wilson v. Preston*, 378 S.C. 348, 354 (2008). "To obtain a writ of mandamus requiring the performance of an act, a petitioner must show: (1) a duty of respondent to perform the act, (2) the ministerial nature of the act, (3) the petitioner's specific legal right for which discharge of the duty is necessary, and (4) a lack of any other legal remedy." *Id*.

The record reflects that similar allegations by Plaintiff have previously been rejected. In D.S.C. Case No. 2:15-cv-1886-TMC-MGB, the District Court dismissed the case and observed:

> Rogers raises several allegations regarding a state post-conviction relief ("PCR") he filed in August 2012.... Rogers asks this court to compel Defendants to provide him with evidence, including copies of search warrants, transcripts of the grand jury proceedings, and DNA test results, and schedule a hearing in the pending state PCR proceeding. ... federal courts do not have the jurisdiction to compel action by state officials...First,...the relief which Rogers seeks is clearly in the nature of mandamus relief....28 U.S.C. § 1361. However, a federal court does not have jurisdiction to grant mandamus relief against state officials. *Gurley v. Superior Court of Mecklenburg Cty*., 411 F.2d 586, 587 (4th Cir. 1969). As the Defendants in this action are state officials, this court does not have jurisdiction to issue a writ of mandamus against them.... absent extraordinary circumstances, federal courts are not

> authorized to interfere with a State's pending criminal proceedings. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971).

(Case No. 2:15-cv-1886-TMC-MGB, DE# 20 at 2, Order of July 16, 2015). For the same reasons, Plaintiff's repetitive demands in this civil action should be summarily dismissed.

One final point is noted. Plaintiff cites the state Freedom of Information Act, S.C. Code § 30-4-10, et seq. (DE# 1-1 at 4-5). Such statute allows a person to submit a FOIA request to a state agency, including a solicitor's office. Requests must reasonably describe the records sought and must adhere to rules for time, place, any applicable fees, and procedures to be followed. Pursuant to such statute, some records may properly be subject to exemption. Disputes over such matters are typically addressed in a state court action. As the dismissal of all federal claims is recommended in this action, and to the extent a state FOIA claim could be liberally construed from the allegations of the Complaint, the District Court may appropriately decline jurisdiction of such state claim. Where the District Court has dismissed all pending federal claims, the Court "may decline to exercise supplemental jurisdiction ...." 28 U.S.C. § 1367(c)(3).

### IV.   Recommendation

Accordingly, the Complaint's federal claims should be **summarily dismissed,** with prejudice, and without issuance and service of process. To the extent a state FOIA claim could be liberally construed from the allegations of the Complaint, such claim should be **dismissed without prejudice**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 29, 2016
Charleston, South Carolina

Petitioner's attention is directed to the **Important Notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).